ALLEN, Judge.
The claimant appeals a workers’ compensation order providing that after December 28, 1992, he “would not be eligible” for wage loss benefits. This determination was based on a finding that on that date the treating doctor withdrew all work-related physical restrictions. However, the record indicates that the doctor merely acceded to the claimant’s desire to return to his former occupation as a truck driver. The doctor emphasized that this was not in the claimant’s best interest, and that he had advised the claimant to find some other line of work. Noting that the claimant had already disregarded an earlier prohibition against this endeavor, the doctor cautioned that such work would make it more difficult for the industrial injuries “to be resolved.” While the doctor suggested that this work would not necessarily cause further injury, and agreed with counsel’s description of the work release as being “without restriction,” the doctor nevertheless indicated that the claimant has a permanent impairment and remains restricted with regard to heavy lifting. The claimant testified that his new job as a truck driver is less strenuous than his former employment in this capacity, and that he now *67 routinely engages a helper for unloading and lifting.
Section 440.15(3)(b)l, Florida Statutes (1989), conditions wage loss eligibility upon a permanent impairment which results in a work-related physical restriction affecting the ability to perform the activities of the worker’s usual or other appropriate employment. We conclude that the judge has misconstrued the evidence in this ease in finding that the claimant does not have a work-related physical restriction. Because the competent substantial evidence, when considered as a whole, does not support this finding, the claimant is not thereby disqualified from wage loss eligibility. The appealed order is therefore reversed, and the cause remanded.
KAHN and MICKLE, JJ., concur.